IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN JOSEPH BOLLENBACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-857-W |
| | ) |
| STATE OF OKLA., BRIAN SLABOSKY, | ) |
| in his personal and official capacities, | ) |
| DAVID CATRON, in his personal | ) |
| and official capacities, KATY | ) |
| LAFFERTY, in her personal capacity, | ) |
| and ELDON DICKSON, in his | ) |
| personal and official capacities, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION:
REVOCATION OF LEAVE TO PROCEED *IN FORMA PAUPERIS***

The undersigned recommends revocation of leave to proceed *in forma pauperis*.

"Leave to proceed without prepayment of fees and costs is a privilege, not a right."[1]

Thus, when circumstances change, a court must determine whether the plaintiff retains eligibility for pauper status.[2]

---

[1]  *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citations omitted).

[2]  *See Treff v. Galetka*, 74 F.3d at 197 ("when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs" (citations omitted)); *see also Lewis v. Center Market*, 378 Fed. Appx. 780, 785 (10th Cir. May 17, 2010) (unpublished op.) (upholding revocation of pauper status based on improvement in the plaintiff's financial condition); *Young v. Knight*, 113 F.3d 1248, 1997 WL 297692, Westlaw op. at 1 (10th Cir. June 5, 1997) (unpublished op.) ("waiver of the initial partial filing fee . . . does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit"); *accord Prade v. Jackson & Kelly*, 941 F. Supp. 596, 597 n.1 (N.D. W.Va. 1996) (stating that the court can dismiss the proceeding or require payment of the filing fee if the plaintiff obtains pauper status and his economic status improves during the pendency of the action), *aff'd*, 135 F.3d 770 (4th Cir. Feb. 24,

The Court granted pauper status on July 29, 2011.[3] At the time, Mr. Bollenbach was incarcerated and without any funds.[4] Subsequently, Mr. Bollenbach obtained release and a job at Pope Contracting, Inc.[5] His take-home pay is approximately $1700 per month and his expenses are roughly $1410 per month.[6] Thus, with time, Mr. Bollenbach would apparently have the resources to pay the $315 that is remaining on his filing fee. In these circumstances, the Court should: (1) revoke the order granting leave to proceed *in forma pauperis*,[7] (2) order payment of the filing fee within two months,[8] and (3) dismiss the action without prejudice if Mr. Bollenbach fails to timely pay the remaining balance on the filing fee ($315) or show good cause for the failure to do so.[9]

---

1998) (unpublished op.).

[3]   Order Granting Leave to Proceed *in Forma Pauperis* (July 29, 2011).

[4]   *See* Motion for Leave to Proceed *in Forma Pauperis* and Supporting Affidavit, *passim* (July 28, 2011).

[5]   *See* Application to Proceed in District Court Without Prepaying Fees or Costs at p. 1 (Nov. 29, 2011).

[6]   *See* Application to Proceed in District Court Without Preparing Fees or Costs at p. 1 (take-home pay), p. 2 (expenses) (Nov. 29, 2011).

[7]   Mr. Bollenbach recently filed a second motion for pauper status. Application to Proceed in District Court Without Prepaying Fees or Costs (Nov. 29, 2011). The motion was actually Mr. Bollenbach's advisement of his current financial condition. Although the form suggested it was a separate motion, it was not. Mr. Bollenbach already enjoyed pauper status at the time of his filing.

[8]   *See* W.D. Okla. LCvR 3.3(e).

[9]   *See* W.D. Okla. LCvR 3.3(e).

The Plaintiff is advised of his right to object to this report and recommendation by December 27, 2011.[10]  If the Plaintiff does object, he must file the objection with the Court Clerk for the United States District Court, Western District of Oklahoma.  The Plaintiff is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals.[11]

The referral is discharged.  If the Plaintiff timely satisfies the remaining balance of the filing fee, the undersigned would suggest recommitment to the undersigned.

Entered this 8th day of December, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[10] *See* 28 U.S.C. § 636(b)(1) (2010 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A), 6(d), 72(b)(2).

[11] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).