IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN JOSEPH BOLLENBACH, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. CIV-11-857-W |
| STATE OF OKLAHOMA, et al, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. At the time Plaintiff filed his action, he was a detainee at the Kingfisher County Jail in Kingfisher, Oklahoma.[1] United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge[2] for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant David Catron has filed a motion to dismiss. Although Plaintiff has not responded to the motion (despite an extension of time to do so) the time for responding has long passed and so the matter is at issue and ready for disposition. For the following reasons, it is recommended that the motion be granted.

---

[1] According to the Oklahoma Department of Corrections (DOC) website, Plaintiff is currently serving a suspended sentence supervised by the Central District of the DOC.

[2] The action was initially referred to Magistrate Judge Robert Bacharach, but has since been transferred to the undersigned.

## I. INTRODUCTION

Plaintiff brings this action against Defendants David Catron, identified as a lieutenant at the Kingfisher Police Department; Assistant District Attorney Brian Slabotsky of Kingfisher County; Katy Lafferty, a bail bondsman; and undersheriff Eldon Dickson. He alleges that Defendant Catron "obtained a warrant with perjured testimony before Judge Susan Pritchett (now deceased)." Complaint, 1.

In the motion now before the Court, Defendant Catron raises seven grounds in support of dismissal. However, the undersigned finds the first ground to be dispositive; Plaintiff's § 1983 claims against Defendant Catron are untimely. *See* Catron's Motion to Dismiss, 1-4.

## II. TIMELINESS OF PLAINTIFF'S § 1983 CLAIMS

Defendant Catron argues that Plaintiff's claims against him under 42 U.S.C. § 1983 are untimely. Defendant Catron's Motion to Dismiss, 1. He notes that this lawsuit was filed on July 28, 2011, and that Plaintiff alleges that Defendant Catron arrested him in "Summer 08." *Id.* (citing Complaint, 3). Defendant Catron contends that all claims against him are barred by the applicable two year statute of limitations because Plaintiff did not file his Complaint until approximately three years after the date Plaintiff alleges he arrested him with a warrant obtained with perjured testimony. Defendant Catron's Motion to Dismiss, 1-2.

Defendant Catron asks the undersigned to take judicial notice of the proceedings which took place in the state court criminal case against Plaintiff, *State v. Bollenbach*,

2

Case No. CF-2008-47, District Court of Kingfisher County, reflected by the following state court documents: On Demand Court Records, Ex. 1; Felony Docket, Ex. 2; Affidavit of Probable Cause, Ex. 3; Motion to Suppress and Notice of Withdrawal, Ex. 5; Felony Plea of Guilty Summary of Facts, Ex. 6; and Affidavit for Search Warrant, Ex. 7.

Defendant argues that it is proper for a court, on a motion to dismiss, to consider matters of public record. Catron's Motion to Dismiss, 2-3 (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (2009)). Furthermore, Defendant Catron argues that the Court has the power to take judicial notice of the relevant decisions of court and administrative agencies, including proceedings in other courts outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue. Catron's Motion to Dismiss, 3 (citing *Opoka v. INS*, 94 F.3d 392, 394-95 (7th Cir. 1996)). The undersigned agrees.

In the present case, the proceedings in Plaintiff's criminal case have a direct relation to the matters at issue. The "accrual date of a § 1983 cause of action is a question of federal law . . . ." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, § 1983 claims for obtaining a warrant with perjured testimony and wrongful arrest begin to run from the date the arrestee first appears before the state court pursuant to legal process which he claims led to his wrongful arrest; it is at this point when the alleged detention without legal process concluded and detention pursuant to legal process had begun. *Id.* at 387-392. Thus, Plaintiff's § 1983 claims against Defendant Catron for obtaining a warrant with perjured testimony and unlawful arrest accrued on

3

June 5, 2008, the date of his initial appearance. Exs. 1 and 2.

Although the date of accrual is determined by reference to federal law, the statute of limitations is governed by the forum state's law pertaining to personal injury actions; in Oklahoma, that limitations period is two years. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Thus, Plaintiff had two years from June 5, 2008 to bring his 42 U.S.C. § 1983 action. The limitations period expired on June 5, 2010, and Plaintiff did not file this lawsuit until July 28, 2011. Accordingly, the undersigned finds that Plaintiff's 42 U.S.C. § 1983 claims against Catron were untimely, and should be dismissed.

The undersigned notes that Defendant Catron has also addressed his liability for any state law claims. *See* Catron's Motion to Dismiss, 20-23. Catron asserts that those claims must be dismissed because Plaintiff has failed to state a claim under the Oklahoma Governmental Tort Claims Act ("GTCA"). Defendant Catron's Motion to Dismiss, 20. More particularly, that Plaintiff failed to allege that he provided a Notice of Tort Claim to the City of Kingfisher prior to filing this lawsuit. *Id.* However, the undersigned has thoroughly reviewed the Complaint and finds no state law claims alleged by Plaintiff. Thus, although Defendant Catron's arguments regarding the requirements of the GTCA are correct, they are inapposite to any issue herein.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant Catron's Motion to Dismiss [Doc. No. 35] be **GRANTED** and that Defendant Catron be dismissed from this

action. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **September 4, 2012**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation **does not** dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 13th day of August, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE