**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEPHEN JOSEPH BOLLENBACH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-11-857-W** |
| | ) | |
| **STATE OF OKLAHOMA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a former pretrial detainee[1] appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge[2] for initial proceedings consistent with 28 U.S.C. § 636(b) (1) (B). Currently before the Court is the Defendant Eldon Dickson's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 50 (Dickson's Motion for Summary Judgment). Because the undersigned has referred to matters outside the pleadings, the motion has been treated as one for summary judgment. Although Plaintiff has not responded to the motion (despite an extension of time to do so) the time for responding has long passed and so the matter is at issue and ready for disposition. For the following reasons, it is recommended that the motion be **GRANTED**.

---

[1] At the time this action was filed, Plaintiff was detained in the Kingfisher County Jail. According to the Oklahoma Department of Corrections (DOC) website, Plaintiff is currently serving a suspended sentence supervised by the Central District of the DOC.

[2] The action was initially referred to Magistrate Judge Robert Bacharach, but has since been transferred to the undersigned.

## INTRODUCTION

Plaintiff brings this action against the Defendants[3] David Catron, identified as a lieutenant at the Kingfisher Police Department; Assistant District Attorney Brian Slabotsky of Kingfisher County; Katy Lafferty, a bail bondsman; and undersheriff Eldon Dickson. He alleges that Defendant Dickson, in his individual and official capacities, illegally participated in the collection of a urine sample and caused unconstitutional conditions of confinement in the Kingfisher County jail. Complaint, ECF Nos. 2-6.[4]

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

---

[3] Summary Judgment has been granted in favor of Defendants Catron and Slabotsky. ECF Nos. 62, 64.

[4] Because Plaintiff has added pages to the form complaint, the undersigned has cited to the Electronic Case Filing document numbers. See *The Bluebook: a Uniform System of Citation,* B7.1.4, at 21. (Columbia Law Review Ass'n et al. eds., 19th ed. 2010)

Once the movant has fulfilled his initial burden of showing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, Federal Rule of Civil Procedure 56(c) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56).

## UNDISPUTED FACTS

Based upon the complaint, the special report, and the evidentiary material appended to the motion and response, the following material facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff. Immaterial facts and facts not properly supported by the record have been omitted.

Defendant Dickson served as the Undersheriff for the Kingfisher County Sheriff's Office from 2004 until 2011 when he resigned to enter private business. Dickson's Motion for Summary Judgment, Ex. 2 ¶ 2-4 (Affidavit of Eldon Dickson). At all times relevant to the Plaintiff's claims, Dennis Banther was the Kingfisher County Sheriff; he is the final policy maker and responsible for the operation of the Kingfisher County Jail. *Id.* at Ex. 3 ¶ 1, 4.

3

On October 23, 2008, the Kingfisher District Court, in the criminal case *State v. Bollenbach*, Case No. CF-2008-0047, ordered Plaintiff to submit to a drug test and the Kingfisher County Sheriff's Office was requested by the District Court to assist in the supervision of the collection of a urine sample from Plaintiff. *See* Ex. 1, Case No. CF-2008-47, District Court of Kingfisher County (Oct. 23, 2008); Ex. 2 ¶ 5-6. Because Defendant Dickson was the only Sheriff's Office staff member available, he was directed to the courtroom and advised by the court to assist in monitoring the Plaintiff for collection of the urine sample. Dickson's Motion for Summary Judgment, Ex. 2 ¶ 6. Defendant Dickson remained with and monitored Plaintiff throughout the afternoon while the plaintiff made several attempts but either could not, or would not, urinate or provide the sample. *Id.* at ¶ 7. When the courthouse closed for the day, Defendant Dickson escorted Plaintiff to the Sheriff's Offices where Plaintiff was placed in an office awaiting his providing of a urine sample. *Id.* at ¶ 8.  After 5:00 p.m., Defendant Dickson left the Sheriff's Office leaving Plaintiff in the presence of another Sheriff's Office staff member; at the time Dickson left, Plaintiff still had not provided a urine sample. Dickson's Motion for Summary Judgment, Ex. 2 ¶ 9. Defendant Dickson had no further contact with Plaintiff that evening. *Id.* at ¶ 10.

While the Kingfisher County Court Records reflect that Plaintiff tested positive, Defendant Dickson does not personally know under what circumstances, or if, Plaintiff finally gave a urine sample on October 23, 2008, or the manner in which any urine sample was collected or tested. Defendant Dickson did not participate or assist in the

actual collection of the urine sample and had no role in the testing of the sample. *Id.* at ¶ 11-12; Ex. 4. Defendant Dickson was not involved in the administering, collecting or testing of any urine/drug of Plaintiff or any other person after October 23, 2008. *Id.* at Ex. 2 ¶ 12.

Defendant Dickson has no knowledge of any denial of hygiene items to Plaintiff, never personally denied any request of Plaintiff for such items, and has never directed staff to deny any inmate hygiene items allowed by the policy of the Kingfisher County Jail. Special Report, Ex. 3 ¶ 31-32. The Kingfisher County Jail is in compliance with the rules of its accrediting agency, the Oklahoma State Department of Health. Special Report, Ex. 4 ¶ 32.

## DISCUSSION

Defendant Dickson moves for summary judgment on eight separate grounds. The undersigned finds three of these grounds to be dispositive of the motion now before the Court, and so will limit the discussion accordingly.  For the reasons explained below, the undersigned finds that the statute of limitations bars Plaintiff's claim against Defendant Dickson with regard to collection of the urine sample. In addition, the undersigned finds that Defendant Dickson neither personally participated in any of Plaintiff's claims regarding the conditions of confinement at the Kingfisher County Jail, nor does he have any authority to establish the policies of the jail.

**I.  Statute of Limitations**

Defendant Dickson moves for summary judgment on Plaintiff's claim related to the monitoring and collection of the urine sample. Dickson's Motion for Summary Judgment, 13; Complaint, ECF No. 1, p. 3-4.  The urine sample collection about which Plaintiff complains occurred on October 23, 2008. Dickson's Motion for Summary Judgment, Ex. 2 ¶ 5-12.  This action was filed on July 28, 2011. ECF No. 1.

The period of limitations for an action under 42 U.S.C. § 1983 is governed by the forum state's law for personal injury actions. *Gee v. Pacheco*, 627 F.3d 1178, 1189-90 (10th Cir. 2010) ("The forum state's statute of limitations for personal-injury actions sets the limitations period for § 1983 actions." (citation omitted)). In Oklahoma, the limitations period is two years for personal injury actions. Okla Stat. tit. 12 § 95(A) (3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

The date a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). A plaintiff "need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." *Alexander v. State*, 382 F.3d 1206, 1216 (10th Cir. 2004). Additionally, a plaintiff need not "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49

6

F.3d 673, 675 (10th Cir. 1995). (quotation omitted). The test is an objective one, with the focus "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216.

In this case, the undisputed facts show that Plaintiff's only claim against Defendant Dickson with regard to the urine sample accrued on October 23, 2008. Thus, the statute of limitations with regard to his claim expired on October 23, 2010. This action was filed on July 28, 2011. Accordingly, the undersigned finds it is barred by the statute of limitations, and Defendant Dickson is entitled to summary judgment on Plaintiff's claim regarding his involvement in the collection of Plaintiff's urine sample.

## II.  Personal Participation

Defendant Dickson also moves for summary judgment on Plaintiff's claims regarding the conditions of confinement at the Kingfisher County Jail, arguing that Plaintiff has failed to come forward with any evidence that he personally participated in any of the acts that form the basis of Plaintiff's claims. Dickson's Motion for Summary Judgment, 28.

Plaintiff's claim regarding conditions of confinement at the Kingfisher County Jail are based on his allegations that there is inadequate toilet paper; the food served is not nourishing or approved by a dietician; there is no "media" such as television, newspapers or magazines; there is no clock; hygienic supplies are inadequate; there is no commissary; stamps and envelopes are not given to indigent inmates; there is no outdoor exercise; and no prisoner accounts are maintained.  Complaint, ECF No. 1, p. 6.

Plaintiff fails to allege how Defendant Dickson is responsible for the conditions of confinement about which he complains. The undisputed facts show that Defendant Dickson neither knew of nor denied any request by Plaintiff for hygienic items; that he does not determine policies governing operation of the jail; and that Sheriff Dennis Banther is statutorily responsible for operation of the jail, and is the final policy maker with regard to it.

Defendant Dickson can only be individually liability under 42 U.S.C. § 1983 if he personally participated in a constitutional violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Furthermore, [g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). The Court further declared that "[b]ecause vicarious liability is inapplicable to . . .§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Thus, a government official "is only liable for his or her own misconduct." *Id.* at 677. A defendant supervisor may be held liable under § 1983 if the defendant-supervisor "creates, promulgates, implements, or in some way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected' th[e] plaintiff 'to the deprivation of any rights . . . secured by the Constitution.'" *Dodds v. Richardson*, 614 F.3d 1185, 1199 (quoting 42 U.S.C. § 1983), *cert. denied*, __ U.S.

8

__, 131 S.Ct. 2150 (2011). "A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1200. Plaintiff has failed to come forward with any evidence showing that Defendant Dickson personally participated in subjecting Plaintiff to unconstitutional conditions of confinement. Accordingly, he is entitled to summary judgment for Plaintiff's individual capacity claim regarding those conditions.

### III. Official Capacity Claims

Defendant Dickson also moves for summary judgment on any official capacity claims against him. Dickson's Motion for Summary Judgment, 24. Official capacity suits are simply another way of bringing action against the governmental entity that employs the defendant. *Monell*, 436 U.S. at 690 n. 55. For official capacity liability, the defendant in question must be someone with final policymaking authority. Defendant Dickson in his official capacity would incur liability only if Plaintiff could tie the constitutional violations to: the existence of a county policy or custom; an action by a person with final policymaking authority for the county; the existence of a widespread practice which is "so permanent and well settled as to constitute a custom or usage with the force of law"; or a final policymaker's ratification of a subordinate's unconstitutional activity. *Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009). As

noted above, Defendant Dickson is not the final policy maker for the Kingfisher County Jail. Plaintiff has not come forward with any evidence that would support a claim against Defendant Dickson in his official capacity, and he is therefore entitled to summary judgment on any such claim.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant Dickson's Motion for Summary Judgment, ECF No. 50, be **GRANTED** and that he be dismissed from this action. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **February 19, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation **does not** dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED on** January 31, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE