IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN JOSEPH BOLLENBACH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| V. | )   Case No. CIV-11-857-W |
| | ) |
| STATE OF OKLAHOMA, et al. | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a former pretrial detainee[1] appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge[2] for initial proceedings consistent with 28 U.S.C. § 636(b) (1) (B). Currently before the Court is the Motion for Summary Judgment of Defendant Katy Lafferty, who appears pro se. [hereinafter Lafferty's Motion]; **ECF No. 69**. Although Plaintiff has not responded to the motion, the time for doing so has now passed and so the matter is at issue and ready for disposition. For the following reasons, it is recommended that the motion be **GRANTED**.

---

[1] At the time this action was filed, Plaintiff was detained in the Kingfisher County Jail. According to the Oklahoma Department of Corrections (DOC) website, Plaintiff is currently serving a suspended sentence supervised by the Central District of the DOC.

[2] The action was initially referred to Magistrate Judge Robert Bacharach, but has since been transferred to the undersigned.

## INTRODUCTION

Plaintiff brings this action against the Defendants[3] David Catron, identified as a lieutenant at the Kingfisher Police Department; Assistant District Attorney Brian Slabotsky of Kingfisher County; Katy Lafferty, a bail bondsman; and undersheriff Eldon Dickson. Plaintiff alleges that Defendant Dickson, in his individual and official capacities, illegally participated in the collection of a urine sample and caused unconstitutional conditions of confinement in the Kingfisher County jail. Complaint, ECF Nos. 2-6.[4]

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242,

---

[3] Dispositive motions have been granted in favor of Defendants Slabotsky, Catron, and Dickson. ECF Nos. 62, 64, 70. The Kingfisher County Sheriff's Department, the Kingfisher Police Department, and the Kingfisher County District Attorney's Office were terminated as Defendants on August 25, 2011, in accordance with Plaintiff's clarification of the defendants to this action. *See* ECF Nos. 7, 8. Although the docket sheet reflects they are still Defendants to this action, they have in fact been terminated as parties and the docket sheet should so reflect.

[4] Because Plaintiff has added pages to the form complaint, the undersigned has cited to the Electronic Case Filing document numbers. See *The Bluebook: a Uniform System of Citation,* B7.1.4, at 21. (Columbia Law Review Ass'n et al. eds., 19th ed. 2010)

248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Once the movant has fulfilled her initial burden of showing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, Federal Rule of Civil Procedure 56(c) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56).

**UNDISPUTED FACTS**

Based upon the complaint, the special report, and the evidentiary material appended to the motion and response, the following material facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff. Immaterial facts and facts not properly supported by the record have been omitted.

Plaintiff identifies Defendant Lafferty as affiliated with Territorial Bail Bonds of Guthrie, Oklahoma. Petition, ECF No. 1:2. He alleges that she was assigned to administer a drug test to Plaintiff while being neither licensed nor providing a chain of custody to a certified laboratory. ECF No. 1:2. Although he does not state how

3

Defendant Lafferty was involved in this decision, he also complains of having to drive to Kingfisher to give Court ordered drug samples. ECF No. 1:4.

Defendant Lafferty's motion for summary judgment states that she conducted drug testing on Plaintiff in September of 2008. Lafferty's Motion, ECF No. 69:3. She also states that she was certified to collect the samples, submitted the samples to a Federally certified lab, and provided chain of custody letters for all samples submitted to the Kingfisher County District Attorney's Office in 2008.

## DISCUSSION

The undersigned finds Defendant Lafferty's motion to be well taken in that the statute of limitations bars Plaintiff's claim against Defendant Lafferty with regard to collection of the urine sample. Defendant Lafferty's motion shows that the urine sample collection about which Plaintiff complains occurred in September 2008. Lafferty's Motion, ECF No. 69:3. This action was filed on July 28, 2011. ECF No. 1.

The period of limitations for an action under 42 U.S.C. § 1983 is governed by the forum state's law for personal injury actions. *Gee v. Pacheco*, 627 F.3d 1178, 1189-90 (10th Cir. 2010) ("The forum state's statute of limitations for personal-injury actions sets the limitations period for § 1983 actions." (citation omitted)). In Oklahoma, the limitations period is two years for personal injury actions. Okla Stat. tit. 12 § 95(A) (3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

The date a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 549

U.S. 384, 388 (2007). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). A plaintiff "need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." *Alexander v. State*, 382 F.3d 1206, 1216 (10th Cir. 2004). Additionally, a plaintiff need not "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). (quotation omitted). The test is an objective one, with the focus "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216.

In this case, the undisputed facts show that Plaintiff's only claim against Defendant Lafferty with regard to the urine sample accrued in September 2008. Thus, the statute of limitations with regard to his claim expired in October 2010. This action was filed on July 28, 2011. Accordingly, the undersigned finds it is barred by the statute of limitations, and Defendant Lafferty is entitled to summary judgment on Plaintiff's claim regarding her involvement in the collection of Plaintiff's urine sample.

In addition, the undersigned finds that Defendant Lafferty's motion shows that Plaintiff's allegations regarding her lack of certification, irregularities regarding the chain of custody, and credentials of the lab that processed the samples to be without merit.

Finally, the undersigned notes that the State of Oklahoma is still named as a

5

Defendant in this action. However, absent a specific waiver of immunity or express abrogation of the State's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court" regardless of the form of relief requested. *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006). Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court, Okla. Stat. tit. 51, § 152.1, and the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989). It is therefore recommended that Plaintiff's claims against the State of Oklahoma be dismissed on grounds of Eleventh Amendment immunity.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant Lafferty's Motion for Summary Judgment, **ECF No. 69**, be **GRANTED** and that she be dismissed from this action. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **April 15, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is hereby

directed to terminate those Defendants referred to earlier in this Report and Recommendation, *supra* note 3. This recommendation disposes of all remaining claims, including the undersigned's *sua sponte* recommendation that the State of Oklahoma be **dismissed** for lack of jurisdiction. **Accordingly, the referral is hereby terminated.**

**ENTERED** March 28, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE